(74 Misc. Rep. 494.)

## In re LIVINGSTON.

(Supreme Court, Special Term, Kings County. December, 1911.)

HABEAS CORPUS (§ 83*)—GROUNDS OF RELIEF—WANT OF JURISDICTION—ADOPTION PROCEEDINGS.

In habeas corpus for the custody of a minor child, where the return sets up an order of adoption, reciting all the jurisdictional facts, and that it appeared to the satisfaction of the county judge that the minor had been abandoned by its parents, an allegation in the traverse to the return that the mother had no notice of the proceedings does not impeach the jurisdiction of the county court, since such allegation is consistent with the finding that the mother had abandoned the child, in which case Domestic Relations Law (Consol. Laws 1909, c. 14) § 111, subd. 3, providing that the consent of a parent who has abandoned a child is unnecessary, dispenses with notice.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 75; Dec. Dig. § 83.*]

Application by Myrtle Livingston for writ of habeas corpus for John Joseph Livingston, an infant. Writ dismissed.

Edward T. Curran, for petitioner.
Charles H. McCarty, opposed.

KAPPER, J. By this proceeding the petitioner seeks the custody of her two year old child, who is now in the possession of Philip D. Hyman and Sarah J. Hyman, his wife, by virtue of an order of adoption made by one of the county judges of Kings county on July 18, 1911. The return to the writ is made by Sarah J. Hyman, and it alleges that she and her husband are the foster parents of the infant pursuant to said order of adoption, that said order was made by the county judge "upon full and complete jurisdiction," and that the same is a "final order of a competent tribunal." The return refers to said order and makes it a part of this proceeding. The petitioner attempts to traverse this return by asserting that the County Court was without jurisdiction to make the order of adoption, for the reason that the child's mother, the petitioner, "was in no way a party to said ex parte proceedings."

The order of adoption recites that it appeared to the satisfaction of the county judge "that said minor has been abandoned by its parents," and the petition upon which the order was made alleges that the child was placed by its mother to board with Mr. and Mrs. Hyman in or about April, 1910, and that, after several, but infrequent, visits upon the child, the last one of which occurred at the end of April, 1911, the child "has been abandoned and deserted by" said mother. The Domestic Relations Law (Consol. Laws 1909, c. 14), which embraces the subject of the adoption of children (sections 110–118), after requiring the consent of the parents of a child to its adoption, makes the following exception:

"But the consent of a parent who has abandoned the child is unnecessary." Section 111, subd. 3.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It would seem, from the foregoing statement of fact and law, that the order of the county judge recites all of the jurisdictional facts necessary to a valid order of adoption; and the Supreme Court has held that the consent of the parents of a child to its adoption is not requisite where the parents had "abandoned" the child. Von Beck v. Thomsen, 44 App. Div. 373, 377, 60 N. Y. Supp. 1094, 1098. The case cited is also an authority for the proposition that where the judge making an order of adoption, pursuant to statute, certifies to the essential jurisdictional facts, his jurisdiction and the validity of his order will be upheld. And, in view of the jurisdictional steps essential to the order and the rights of such a child under the statute to inherit from its foster parents, there can be no question whatever of the judicial finality and competency of an order of adoption where the statute has been followed. See Matter of Trimm, 30 Misc. Rep. 493, 496, 63 N. Y. Supp. 952.

Such being the nature and character of the order, the question then is: Can such an order be challenged on habeas corpus? It would seem not. Code of Civil Procedure, § 2032, provides that, whenever it appears on habeas corpus that a person is in custody by virtue of a final judgment or decree of a competent court of civil or criminal jurisdiction, the court or judge before whom he is brought must forthwith make a final order remanding him to his custodian. Code Civ. Proc. § 2032. The writ of habeas corpus is not a writ of review, the only proper inquiry being whether the subject of the writ is detained by virtue of legal authority; and a final determination of a competent tribunal cannot be set aside on habeas corpus on averments or proof that the facts proved before that tribunal on which its judgment or order depended were not true. People ex rel. Danziger v. Protestant Episcopal House of Mercy, 128 N. Y. 180, 184, 28 N. E. 473; People ex rel. Van Riper v. New York Catholic Protectory, 106 N. Y. 604, 13 N. E. 435. See, also, People ex rel. Bungart v. Wells, 57 App. Div. 140, 145, 68 N. Y. Supp. 59.; People ex rel. Patrick v. Frost, 133 App. Div. 179, 185, 117 N. Y. Supp. 524.

The petitioner urges that the Supreme Court, in its power over the custody of a child, should award such custody to its mother. This undoubtedly pathetic appeal ought not ordinarily to go unheeded. But the difficulty here is that nothing is shown that would justify the court in taking this child from its foster parents. No charge whatever is made against them. They are not accused of cruelty, misusage, or violation of any parental duty toward the child, any of which acts might furnish a ground for the abrogation of the adoption order (Adoption Law, § 117, supra), nor is the question of the "best interests" of the child in issue. The sole and only attack is upon the jurisdiction of the County Court to make the order, and that attack on this application must fail, in my opinion. The conclusion is arrived at that the order of adoption is a complete and conclusive answer to the writ, and requires the dismissal of the latter, and, but for one other contention of the petitioner, nothing more need to have been said.

It is claimed that, as the traverse assails the jurisdiction of the County Court, this court is required to take proof as to the validity

of that court's action. The ruling made that the order of the County Court was based upon the necessary jurisdictional fact of the mother's abandonment of the child, and that the order itself is final and conclusive, fully answers this contention. But, if it were otherwise, and the matter were open to inquiry on habeas corpus, the traverse does not create an issue on the fact of abandonment. It simply alleges that the proceeding was without notice to the mother. The statute says that the consent of the parents is unnecessary where they have abandoned the child. A return to a writ of habeas corpus "is to be assumed to be true, except in so far as its material allegations are controverted by the traverse." Danziger Case, supra, 128 N. Y. 187, 28 N. E. 476. It requires no argument to establish the proposition that the allegation in the traverse that the mother had no notice of the adoption proceedings is quite consistent with, and does not deny, the finding of the county judge that she had abandoned her child, where the statute dispenses with notice in case of such abandonment. So that, even though the proceedings upon which the order of the county judge was based could be retried on habeas corpus, it is plain that no issue is presented on this application.

I may add that this is the second writ sued out before the justices of this court, seeking the custody of this child, and that the former determination of one of my associates was the same as that now arrived at, but without formal opinion by him. Application might well be made to the county judge for a rehearing upon the contention of the petitioner that his finding of abandonment was without sufficient evidence for its support; but, while his order stands, with all the rights under a legal adoption accruing to the child therefrom, it may not be impeached on habeas corpus.

Writ dismissed.